## C. W. MOORE v. E. R. CUTLER.

APPRAISEMENT OF LANDS, *Sold Under Order of Sale, or Execution.* Where real estate is attached in an action instituted upon a promissory note containing no waiver of appraisement, and neither the judgment nor the order of sale provides that such real estate shall be sold without appraisement, and .the proceedings of the officer making the sale fail to show any appraisement of the property, *held,* that the district court erred in confirming a sale of real estate sold under such order of sale without any valuation as required by statute.

### *Error from Chautauqua District Court.*

ALL the facts of this case are stated in the subjoined opinion. Section 453 of the civil code, Gen. Stat. 716, provides for the appraisement of lands and tenements taken in execution; and § 455 provides that no such property shall be sold for less than two-thirds of the appraised value. But these provisions are now subject to the provisions of ch. 66, laws of 1872, page 105. This latter act was passed and approved March 1st 1872, and provides that where the words "appraisement waived," or words of similar import, are inserted in any mortgage, bond, note, bill, or written contract thereafter made, the court rendering judgment thereon shall order as part of the judgment that the same and any process thereon shall be enforced, and that lands and tenements may be sold thereunder, without appraisement, etc. *Moore's* property was sold at the suit of *Cutler,* without appraisement. Such sale was confirmed at the March Term 1877 of the district court. From the order of confirmation *Moore* appeals, and brings the case here.

*S. P. Moore,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: The question presented in this case is, whether the district court committed error in confirming the sale of real estate had in the action. An examination of the

order of sale shows, that said order was issued August 15th 1876, on a judgment rendered 3d November 1875, and that the property sold consisted of certain real estate, described as lot No. 4, in block No. 44, with all the improvements thereon, situated in the town of Peru, Chautauqua county; that nothing was stated in the order as to any waiver of appraisement. The proceedings of the officer do not purport anywhere to show that any appraisement of the real estate was had, nor that said property was sold for two-thirds of any appraised value. If we go further, and inspect the judgment in the case, we ascertain that the action was upon a promissory note, of the date of February 1st 1874, and that there was no waiver of appraisement in said judgment. In the action, an order of attachment was issued, and the real estate sold was attached under said process, and ordered sold to satisfy the judgment. Upon these facts, the order of the court confirming the said sale of real estate was erroneous. The proceedings of the officer were not in conformity with the law. In the absence of a waiver of appraisement in the written contract on which judgment is rendered, and from the journal entry of such judgment, the statute prescribes that the officer levying an execution upon lands and tenements shall have the same valued by three disinterested householders of the county where the lands are situate, and that no such property shall be sold for less than two-thirds of the value returned in the inquest. This law is as applicable to orders of sales as to executions, and therefore the order of confirmation in the case will be reversed.

All the Justices concurring.